UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SCOTT BRIDGEWATER,

    Plaintiff,

v.

GABE LELAND, *et al.*,

    Defendants.

Case No. 18-12225
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

---

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
AND DISMISSING AS MOOT DEFENDANT LELAND'S
MOTIONS TO DISMISS [5] AND FOR SANCTIONS [6]**

---

Kenneth Scott Bridgewater brings suit against a Detroit city councilman, a Detroit police officer, and a Detroit fire captain. Bridgewater operated Centre Park Bar, a business in downtown Detroit. (R. 1, PageID.3.) In essence, Bridgewater says he started having trouble with the city after publicly complaining about a redevelopment process he says he was shut out of. (R. 1, PageID.7.)

Bridgewater's new lawsuit has three claims. First, Bridgewater says the police officer and fire captain violated his right to equal protection of the laws, in violation of 42 U.S.C. § 1983. Second, he alleges a "Supplemental State Law Claim" of "Civil Extortion Under Mich. Comp. Laws §750.213" against city councilman Gabe Leland. (R. 1, PageID.20.) And finally, Count III seeks an award of costs and fees pursuant to 42 U.S.C. § 1988. (R. 1, PageID.22.)

As the parties are not completely diverse, the basis for this Court's subject-matter jurisdiction over Bridgewater's state law extortion claim is supplemental under 28 U.S.C. § 1367. "District courts have broad discretion to exercise supplemental jurisdiction, and their decision 'depends on judicial economy, convenience, fairness, and comity.'" *Aldini v. Kroger Co.*, 628 F. App'x 347, 352 (6th Cir. 2015) (citing *Carmichael v. City of Cleveland*, 571 Fed. App'x 426, 434

(6th Cir. 2014)). And in the interests of judicial economy and comity, a "federal court should be reluctant to retain pendent jurisdiction over a question for which state jurisprudence gives inadequate guidance." *Financial General Bankshares, Inc. v. Metzger*, 680 F.2d 768, 776 (D.C. Cir. 1982); *see also* 28 U.S.C. § 1367(c)(1).

Again, Bridgewater alleges a civil action for extortion. (R. 1, PageID.20.) Defendant Leland contends that this "cause of action involves an unresolved issue of state law" and one that may not even be recognized by Michigan law. (R. 5, PageID.33.) And case law seems to support the unsettled nature of this claim. *Compare Norman Yatooma & Assocs. Pc v. 1900 Assocs. Llc*, No. 313487, 2014 Mich. App. LEXIS 1105 (Mich. Ct. App. June 12, 2014) with *McLarney v. Bd. of County Rd. Comm'rs*, No. 04-72656, 2005 U.S. Dist. LEXIS 28325, at *24 (E.D. Mich. Nov. 8, 2005) (citing *Kaul v. Raina*, No. 244045, 2004 Mich. App. LEXIS 663 (Mich. Ct. App. March 4, 2004). And it does not appear the Michigan Supreme Court has ever weighed in on the matter. So Bridgewater invites the Court to exercise supplemental jurisdiction over an unsettled—and possibly novel—area of state law. The Court declines. *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the claim raises a novel or complex issue of State law."; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 n.15 (1966); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994). The Court also wants to avoid jury confusion with the federal constitutional claim. *Id*.

Accordingly, Count II is DISMISSED. As a result, Leland's motion to dismiss (R. 5) and motion for sanctions (R. 6) are each DENIED as moot.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 12, 2018, using the Court's ECF system.

s/William Barkholz
Case Manager